## EBEN N. PERRY vs. ABIEL SOMERBY and another.

The interest which the real owner has in a steamer, in his possession, may be attached, although another person has the record title as collateral security for a debt.

The delivery, by the attaching officer of property attached by him, to receiptors, and taking from them a written agreement, reciting the attachment, promising to return the property to the officer holding the execution, within thirty days after judgment, and limiting their liability to a specific sum, does not dissolve the attachment.

Section fourteen, of the United States bankrupt law, preserves all attachments made more than four months before the commencement of the debtor's proceedings in bankruptcy.

An attachment thus made, may be enforced by an execution issued by a special judgment, rendered by the court in which the action was entered and prosecuted.

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court, for the county of Cumberland.

ASSUMPSIT on a receipt of the following tenor.

" Received of Eben N. Perry, deputy-sheriff, the steamer Lady Lang, the property of Charles Spear, and which was attached by him on a writ in favor of Lyman, Son & Tobey, against said Spear, and which we promise to return to said Perry, or the officer holding the execution, within thirty days after judgment, without demand. Liability on this receipt limited to fifteen hundred dollars.

Dec. 14, '66. J. H. WILLIAMS,

ABIEL SOMERBY.

| U. S. I. R. |
| Five Cents. |

Approved: W. L. PUTNAM."

Dec. 14, '66.

To show the attachment of the steamer Lady Lang, mentioned in the receipt, the plaintiff put in the writ in the suit of *Lyman* v. *Spear*, dated Dec. 14, 1866, returnable to the supreme judicial court for this county, on the third Tuesday of January, 1867,

together with the return thereon, reciting an attachment of "the Lady Lang as the property of the within-named defendant."

The defendants offered in evidence, the discharge of Spear in bankruptcy, dated Sept. 19, 1868, on his petition, filed Dec. 14, 1867.

It was admitted that the record title of the steamer was in N. L. McCready, at the time of the attachment, but that the equitable title was then in Spear, McCready then claiming and holding the title as collateral security, and Spear having the possession.

It was also admitted that the claim sued in the action of *Lyman* v. *Spear*, was provable in bankruptcy against Spear.

The plaintiff put in an order in bankruptcy, issued by the United States district court for the district of Massachusetts, upon the application of Lyman *et als.*, praying for leave to prosecute to final judgment and execution, a suit in their behalf against Charles Spear, a bankrupt, on claims provable in bankruptcy against him, for the purpose of preserving certain attachments. The order, after setting out the petition, was (omitting formal parts) of the following. tenor.

" Now it is ordered that said petitioners have leave to prosecute said suit to judgment and execution thereon, in such manner as said supreme judicial court may direct, for the purpose of preserving any valid attachment they may be found to have in any estate of said bankrupt, if made more than four months before the commencement of the proceedings in bankruptcy of said bankrupt, and for no other purpose ; and no judgment or execution shall run against, or be levied upon the person of said bankrupt, or any other property except as aforesaid."

Judgment was recovered in the action of *Lyman* v. *Spear*, and made up in accordance with the order in bankruptcy, and execution issued to be " levied only on the goods, chattels, and estate of said defendant, attached upon plaintiff's writ in this action, the same not having been attached within four months next preceding the commencement of proceedings in bankruptcy by said defendant; and not otherwise against either said defendant or his property."

The return on the execution showed a demand by the officer to whom the receipt was given, upon the persons signing it, and a refusal by them to deliver the Lady Lang.

It nowhere appeared that either McCready, or any assignee in bankruptcy ever claimed or received possession of the steamer from the receipters.

The justice rendered judgment for the plaintiff for nine hundred and forty-three dollars and twenty-one cents ; and the defendants alleged exceptions.

*Howard & Cleaves*, for the defendants.

1. The attachment of the steamer created no lien upon it, either at common law or by the statute, in this State.

2. But if any lien was created by such attachment, it was dissolved by the officer's taking the receipt, approved by the counsel of the creditors in the suit.

3. The supposed liability of the receipters was conditional, as stated in the receipt,—conditioned that the creditors (plaintiffs) should obtain judgment legally against Spear. But this was not done.

For, after the discharge of Spear, Lyman *et als.* could not prosecute their suit against him, for their claim, which was provable in bankruptcy, unless by special authority from the United States district court in Massachusetts, or by some special authority.

4. The discharge in bankruptcy was a complete bar to the suit of *Lyman* v. *Spear*, on which the steamer was attached. U. S. Bankrupt Law of 1867, §§ 21 and 28. *Bowley* v. *Bowley*, 41 Maine, 542.

The defendants, though not a party to that suit, may avail themselves of the discharge of Spear,—in bar of this suit.

5. If the steamer was the property of Spear when attached in the suit by Lyman *et als.*, it passed to his assignee when he was declared a bankrupt,—by operation of the bankrupt law. U. S. Bankrupt Law, 1867, § 14.

And so both Spear and the receipters were divested of all right to it, *vi majore*, and the receipters were discharged. *Payson* v.

*Payson*, 1 Mass. 290. *Flagg* v. *Taylor*, 6 Mass. 36. *Shaw* v. *Laughton*, 20 Maine, 266. *Grant* v. *Lyman*, 4 Met. 470. *Peck* v. *Jenness*, 7 Howard, 612. *Atlas Bank* v. *Nahant*, 23 Pick. 488. *Ex-parte John S. Foster*, 2 Story, 157.

If the steamer did not belong to Spear, when she was attached, the receipters may show that fact, as a complete defense. *Fisher* v. *Bartlett*, 8 Maine, 122. *Sawyer* v. *Mason*, 19 Maine, 49. *Lathrop* v. *Cook*, 14 Maine, 414.

The steamer was, in fact, the property of McCready, whose claim upon it was in the nature of a mortgage.

The attachment was not in conformity to the provisions of law. R. S., c. 81, §§ 64, 65. Sts. 1859, c. 115, § 2; 1860, c. 168.

The defendants were, therefore, not holden on their receipt, because the property belonged to McCready, who held it as security; and because the interest which Spear might have had in it was not attached according to the provisions of the statute above cited.

6. If there was a breach of the contract of the defendants, still no action lies upon it until the plaintiff has sustained some damage by the breach. *Hussey* v. *Collins*, 30 Maine, 190.

The liability of the defendants is limited, in any event, to the actual damage, not to exceed fifteen hundred dollars.

*W. L. Putnam*, for the plaintiff, contended, *inter alia*, that, like all other bailees, servants or other persons receiving the possession of property with an obligation to return it, they cannot defend themselves by setting up title in a third party, unless they have been required to yield to it. *Sprague* v. *Wheatland*, 5 Met. 416. *Fisher* v. *Bartlett*, 8 Maine, 124. *Penobscot Boom Corporation* v. *Wilkins*, 27 Maine, 345.

Neither if this judgment were irregular, can defendants avail themselves of that fact. *Drew* v. *Livermore*, 40 Maine, 266.

TAPLEY, J. On the 14th day of December, 1866, Sylvanus R. Lyman commenced an action at law against Charles Spear, in this court, and the plaintiff, then a deputy of the sheriff of the county of Cumberland, having the writ for service, attached the

steamer Lady Lang, as the property of said Spear. On the same day, the defendants executed and delivered to the plaintiff the receipt in suit.

The action, *Lyman* v. *Spear*, was duly entered in this court, and continued from term to term, until the 13th day of October, 1868, when judgment was recovered against said Spear, "the same to be levied only of the goods, chattels, and estate of the said defendant, attached upon the plaintiff's writ in said action, the same not having been attached within four months next preceding the commencement of proceedings in bankruptcy by said defendant, and not otherwise against either the said defendant or his property, for the sum of eight hundred and eighty-eight dollars and forty-three cents, debt or damage, and forty-two dollars and forty-seven cents costs of suit."

Upon this judgment execution was duly issued October 14, 1868, and on the 22d of the same month and year, demand was duly made by the plaintiff for the property described in the receipt, and the defendants thereupon and thereafter refused and neglected to return the same in accordance with the terms of their agreement. For the breach of this agreement this action is brought and commenced on the 18th day of November, 1868.

Several objections have been urged by the counsel for the defense against the maintaining of this action.

1. It is said the attachment of the steamer created no lien upon it at common law, or by statute in this State.

It appears by the report, that the record title of the steamer was in one McCready, but that the equitable title was in Spear, and that she was in Spear's possession. The defendants in this case declare, in their receipt, that she is the property of Spear. We have no doubt Spear had an attachable interest in her, and that the attachment created a lien upon her.

2. It is said, if this be so, it was dissolved by the officers taking the receipt, approved by the counsel of the creditors in the suit.

We do not understand that the taking of the receipt discharged the lien upon the steamer. There is nothing in the paper showing

any such design. Whether in an action to recover the possession from a third party who had purchased, *bona fide*, with no knowledge of the attachment, it would have been effectual to obtain it, is not now a question. These defendants had knowledge of it and recognized it, and because of it they became the keepers, and agreed to return it within thirty days after judgment, that the lien might be perfected by sale ; and the possession thus delivered them is a sufficient consideration to support their agreement in the receipt.

3. It is said the liability of the receipters was conditional, that the creditors should obtain judgment against Spear. This is apparent from the terms of the receipt. They were not required by its terms to return the steamer until after judgment, and their liability was limited to the sum of fifteen hundred dollars.

Judgment was obtained October 13, 1868, and thus this condition was fulfilled.

4. It is said further, however, that Spear had been adjudged a bankrupt, and duly obtained his discharge in bankruptcy, and that this discharge was a complete bar to the suit of Lyman and others, against him.

We do not understand that such a discharge was interposed in that suit, or, if interposed, that it would have furnished a bar to the further maintenance of the suit. The attachment of the steamer, as we before remarked, created a lien upon her, and having been made more than four months before the proceedings in bankruptcy were commenced, it was not affected by those proceedings, but was, at the time when the judgment was rendered in this case, a subsisting lien, and one that could be perfected by the sale of the property attached upon the execution issued in this case.

In the case of *Leighton* v. *Kelsey, ante,* 85, this matter was considered and settled ; a further discussion of it in this case is unnecessary.

A valid attachment having been made and preserved until a legal judgment was rendered, it became the duty of the defendants to return the steamer in accordance with their agreement, and for

such damages as flowed from the breach of their agreement, they must be held responsible.

The damages awarded in the court below seem not to have been the subject of exceptions, nor indeed do we perceive the assessment to be erroneous. *Exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.